HAYDEN R. PACE, SBN 219627
hpace@stokeswagner.com
ADAM L. PARRY, SBN 259937
aparry@stokeswagner.com
NEGEEN AMIRIEH, SBN 343637
namirieh@stokeswagner.com
STOKES WAGNER ALC
15250 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
Telephone:   (213) 618-4128
Facsimile:   (619) 232-4840

Attorneys for Defendants WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC, and PROPER HOSPITALITY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DISTRICT

| | |
|---|---|
| CHELSEA KUPITZ, ERIC BLOCK, in their individual and representative capacities,<br><br>                   Plaintiff,<br><br>  v.<br><br>WILSHIRE HM, LLC; SANTA MONICA PROPER JV, LLC; and PROPER HOSPITALITY, LLC; and DOES 1 through 20, inclusive,<br><br>                   Defendants. | Case No.   2:25-cv-09016<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** |

TO THE CLERK OF COURT AND PLAINTIFFS:

PLEASE TAKE NOTICE that Defendants WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC, and PROPER HOSPITALITY, LLC ("Defendants"), by their undersigned attorneys, hereby remove this putative class action from the Superior Court of the State of California for the County of Los Angeles, Case No. 25STCV24280, to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(c).

## PROCEDURAL HISTORY

1. On August 18, 2025, Plaintiffs CHELSEA KUPITZ and ERIC BLOCK, in their individual and representative capacities, ("Plaintiffs") filed a putative class action complaint captioned *Chelsea Kupitz, et al. vs Wilshire HM, LLC, et al.*, Case No. 25STCV24280 in the California Superior Court for the County of Los Angeles (the "State Court Action"). A true and correct copy of the summons and complaint is attached hereto as Exhibit A.

2. On August 22, 2025, Plaintiffs served Defendants with a summons and the complaint. This Notice of Removal is thereby filed within 30 days after service of summons upon Defendants and is timely pursuant to 28 U.S.C. § 1446(b). A true and correct copy of the service of process transmittal summary is attached hereto as Exhibit B.

## ALLEGATIONS OF THE COMPLAINT

3. In their complaint, Plaintiffs allege violations of the Santa Monica Hotel Worker Living Wage Ordinance (S.M.M.C. § 4.63.015), failure to pay continuing wages pursuant to Cal. Labor Code §§ 204, 210, unfair business practices pursuant to Cal. Bus. & Prof. Code § 17200, et. seq., and failure to provide accurate itemized wage statements pursuant to Cal. Labor Code § 226. Plaintiffs contend that these alleged violations occurred at the Santa Monica Proper Hotel (the "Hotel"), located in Santa Monica, California.

4. Defendants dispute Plaintiff's allegations, believe the complaint lacks merit, and deny that Plaintiffs have been harmed in any way by any act or omission of Defendants.

## JURISDICTION AND BASIS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (28 U.S.C.

§ 1331). Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (28 U.S.C. § 1441.)

6. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it arises under federal law. The Complaint acknowledges on its face that Defendants previously had entered into a collective bargaining agreement with UNITE HERE Local 11, a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5). Local 11 represents a unit of employees at the Hotel appropriate for purposes of collective bargaining and is the exclusive representative of the employees under Section 9(a) of the NLRA, 29 U.S.C. § 159(a). The plaintiffs and the persons that plaintiffs seek to represent in their putative class action are members of the bargaining unit and members of Local 11. *See* Complaint ¶ 21.

7. At the time in question, the Defendants were in the process of negotiating a new collective bargaining agreement with Local 11 as required by the NLRA. Under those circumstances, Defendants were prohibited from changing the employees' wages without the consent of the Union. "[A]n employer's unilateral change in conditions of employment under negotiation is … a violation of [29 U.S.C. § 158(a)(5)], for it is a circumvention of the duty to negotiate which frustrates the objectives of § 8(a)(5) much as does a flat refusal." *NLRB v. Katz*, 369 U.S. 736, 743 (1962). Any Court that adjudicates this case will be required to apply federal labor law to determine whether the Santa Monica ordinance can be enforced in this case in light of the contrary obligations imposed by the NLRA and the federal Labor Management Relations Act, 29 U.S.C. § 201(a)("[I]t is the policy of the United States that – sound and stable industrial peace and the advancement of general welfare, health, and safety of the Nation and of the best interests of the employers and employees can most satisfactorily be secured by the settlement of issues between employers and employees through the processes of conference and collective bargaining between employers and the representatives of their employees."). "When it is clear or may fairly

be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law." *San Diego Buildings Trade Council v. Garmon*, 359 U.S. 236, 244 (1959).

8. The California Superior Court for the County of Los Angeles is located within the Central District of California. 28 U.S.C. § 28(a). This Notice of Removal, therefore, is properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached to this Notice of Removal as Exhibit A – C.

10. All defendants in this case consent to and join in this Notice of Removal. Defendants are unaware of any other parties who have been named or who have appeared in the underlying State Court Action.

11. After filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the California Superior Court County of Los Angeles in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER OF DEFENSES

12. By removing this action from California Superior Court, Defendants do not waive any defenses available to them.

13. By removing this action from California Superior Court, Defendants do not admit any of the allegations in Plaintiff's complaint.

## CONCLUSION

14. For all the reasons stated above, this action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Accordingly, this action is removable pursuant to 28 U.S.C. § 1441(a).

/ / /

WHEREFORE, Defendants WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC, and PROPER HOSPITALITY, LLC give notice that the above-described action pending against them in the Superior Court of the State of California, County of Los Angeles, is hereby removed to this Court.

DATED: September 22, 2025

                                                    STOKES WAGNER, ALC

                                                   By: _____
                                                   ADAM L. PARRY
                                                   HAYDEN R. PACE
                                                   NEGEEN AMIRIEH
                                                   Attorneys for Defendants WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC, and PROPER HOSPITALITY, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing "DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)" was electronically filed using the Court's CM/ECF system, and a true and correct copy has been sent by electronic mail to counsel of record below:

Alexander H. Winnick

WINNICK LAW, PC

2450 Colorado Ave., Suite 100E

Santa Monica, CA 90404

aw@winlawpc.com


Maurice R. Mitts

MITTS LAW, LLC

1822 Spruce Street

Philadelphia, PA 19103

mmitts@mittslaw.com


Evan Murphy

MURPHY ADVOCATES LLC

338 Selma Avenue

St. Louis, MO 63119

evan@murphyadvocates.com

/ / /

/ / /

/ / /

/ / /

/ / /

6
**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)**

1 | DATED: September 22, 2025

STOKES WAGNER, ALC

By: _____
ADAM L. PARRY
HAYDEN R. PACE
NEGEEN AMIRIEH
Attorneys for Defendants WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC, and PROPER HOSPITALITY, LLC