# EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
8/18/2025 2:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WILSHIRE HM, LLC; SANTA MONICA PROPER JV, LLC;  PROPER HOSPITALITY, LLC and
DOES 1-20, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CHELSEA KUPITZ, ERIC BLOCK, in their individual and representative capacities

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**25STCV24280** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alexander H. Winnick, Esq. Winnick Law, PC 2450 Colorado Ave., Suite 100E Santa Monica, CA 90404 [aw@winlawpc.com]

DATE: August 18, 2025                    Clerk, by    David W. Slayton, Executive Officer/Clerk of Court    , Deputy
*(Fecha)*                                *(Secretario)* _____ J. Nunez _____    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario  Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐  as an individual defendant.
2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☒  on behalf of *(specify):*  PROPER HOSPITALITY, LLC

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  Corp. Code 17701.16, LLC
4. ☐  by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

1  Alexander H. Winnick, State Bar # 239430
   WINNICK LAW, PC
2  2450 Colorado Ave., Suite 100E
   Santa Monica, CA 90404
3  aw@winlawpc.com
   p: (424) 317-7411
4  c: (310) 415-5594

5
   Maurice R. Mitts, Esq. (*Pro Hac Vice Forthcoming*)
6  MITTS LAW, LLC
   1822 Spruce Street
7  Philadelphia, PA 19103
   mmitts@mittslaw.com
8  p: (215) 866-0112
   f: (215) 866-0113
9

10 Evan Murphy, Esq. (*Pro Hac Vice Forthcoming*)
   MURPHY ADVOCATES LLC
11 338 Selma Avenue
   St. Louis, MO 63119
12 evan@murphyadvocates.com
   p: (314) 753-5212
13

14
   Attorneys for Plaintiff CHELSEA KUPITZ, ERIC BLOCK
15

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/18/2025 2:38 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

16           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

17                    **COUNTY OF LOS ANGELES**

18 | CHELSEA KUPITZ, ERIC BLOCK, in      | Case No.:   25STCV24280
19 | their individual and representative |
   | capacities,                         | **CLASS ACTION COMPLAINT FOR
20 |                                     | DAMAGES AND INJUNCTIVE RELIEF
   |                    Plaintiff,       | FOR:**
21 |        vs.                          |
                                          **1. FAILURE TO PAY MINIMUM WAGE IN
22 | WILSHIRE HM, LLC; SANTA             | VIOLATION OF THE SANTA MONICA
23 | MONICA PROPER JV, LLC;              | HOTEL WORKER LIVING WAGE
   | PROPER HOSPITALITY, LLC             | ORDINANCE (S.M.M.C § 4.63.015)**
24 | and DOES 1-20, Inclusive,           |
                                          **2. UNPAID CONTINUING WAGES (Cal.
25 |                    Defendant(s).    | Labor Code §§ 204, 210)**
26 |                                     |
                                          **3. UNFAIR BUSINESS PRACTICES (Cal.
27                                         Bus. & Prof. Code § 17200, et. seq.)**
28
                                          **4. FAILURE TO PROVIDE ACCURATE**

                                   1

**ITEMIZED WAGE STATEMENTS**
(Cal. Labor Code § 226)

Demand for Jury Trial

Plaintiffs, on behalf of themselves and all others similarly situated, alleged as follows:

## INTRODUCTION

1.      The Santa Monica Proper Hotel operates as a high-end luxury resort hotel in a renovated 1928 Spanish Colonial Revival building and claims to "embody the relaxed sophistication of the California lifestyle." The Proper boasts 267 guest rooms and suites, along with two restaurants, a rooftop pool, a fitness center, a "luxurious" spa, retail shops and 8,000 square feet of event space. Rooms at the Proper range from $650 to $2,400 a night, far above the median price of a hotel room in Santa Monica.[1] Dining options feature items like $21 *mock*tails and $250 Wagyu steaks. Despite these premium prices, the Proper hotel does not pay its workers the minimum wage. In other words, the Proper pays some of its employees less than what it charges for a bowl of hummus.

2.      The City of Santa Monica has established a minimum wage for employees of hotels and businesses operating on hotel property through the Santa Monica Hotel Workers Living Wage Ordinance (the "Ordinance"). Article 4.63 of the Santa Monica Municipal Code ("S.M.M.C") requires that Hotel Employers must pay a wage of no less than the hourly rates set by the City of Santa Monica for each year. The City sets forth this scale on its website at https://www.santamonica.gov/minimum-wage.

---

[1] Median price for a hotel room in Santa Monica is $337 per night.
https://www.budgetyourtrip.com/hotels/united-states-of-america/santa-monica-5393212

2

CLASS ACTION COMPLAINT

| Year | Businesses with 26 or more employees* | Businesses with 25 or fewer employees* | All Hotels** |
|------|------|------|------|
| 2016 | $10.50 | $10.00 (CA State Minimum Wage) | $13.25 |
| 2017 | $12.00 | $10.50 | $15.66 |
| 2018 | $13.25 | $12.00 | $16.10 |
| 2019 | $14.25 | $13.25 | $16.63 |
| 2020 | $15.00 | $14.25 | $17.13 |
| 2021 | $15.00 | $15.00 | $17.64 |
| 2022 | $15.96 | $15.96 | $18.17 |
| 2023 | $16.90 | $16.90 | $19.73 |
| 2024 | $17.27 | $17.27 | $20.32 |
| 2025 | $17.81 | $17.81 | $21.01 |

## Minimum Wage Rates

### (as of July 1 each year)

3.      Plaintiffs and the Plaintiff Class are hotel workers employed by Defendants to work at the Proper. They have been systematically denied the minimum wages mandated by the Ordinance—receiving rates below the required $19.73 per hour from July 1, 2023, $20.32 per hour from July 1, 2024, and $21.01 per hour as of July 1, 2025. This shortfall not only undercuts their livelihoods but highlights the glaring hypocrisy of a luxury establishment profiting handsomely while skimping on fair pay for those who make it shine.

4.      The Ordinance allows only narrow exceptions to these protections, underscoring the City's commitment to shielding workers from exploitation amid Santa Monica's booming tourism industry. One exception grants a one-year waiver to hotels that can prove to the Santa Monica Finance Director that compliance would force a shutdown or bankruptcy. S.M.M.C § 4.63.020. On information and belief, the Proper never sought or received such a waiver, reflecting its apparent prosperity.

CLASS ACTION COMPLAINT

5.    The other exception permits a waiver only if said waiver is explicitly set forth in clear and unambiguous terms within a bona fide collective bargaining agreement. S.M.M.C § 4.63.045. Yet the Proper has not been party to any such agreement since its previous collective bargaining agreement expired on June 30, 2023—whereas even that prior agreement failed to include the required explicit waiver language. When the prior collective bargaining agreement expired, that purported waiver expired, and Defendants were required under the Ordinance to increase the wages of the Plaintiff Class to the minimum amount required by the Ordinance. For over two years, and counting, they have failed to do so.

6.    Recently, Defendants have been scrambling to enter into a new collective bargaining agreement, though no agreement has been finalized. Instead, Defendants have sought to rely on an uncertain and undistributed Memorandum of Understanding ("MOU"), entered into after the expiration of the old collective bargaining agreement, outlining potential terms - a far cry from the "bona fide collective bargaining agreement" required by the statute. Alarmingly, Defendants aimed to backdate this unratified MOU for over 2 years to July 1, 2023, the very day after the old collective bargaining expired. Despite the fact that it is well settled law in California that a worker's right to minimum wage is not waivable, Defendants seek to retroactively erase two years of accrued violations, stripping workers of their rightful back wages and the $100 per-day/per-violation penalties that have mounted with each unchecked shift, which, in many cases, totals more than $40,000 for each affected employee. Such a tactic not only flouts the spirit of the Ordinance but seeks to deny justice to the very employees who keep this luxury haven running amid its extravagant profits.

## JURISDICTION AND VENUE

7.    Plaintiffs bring this class action on behalf of themselves and other similarly situated hotel workers for violations of the Santa Monica Hotel Workers Living

CLASS ACTION COMPLAINT

Wage Ordinance, codified in Chapter 4.63 of the Santa Monica Municipal Code ["S.M.M.C"], sections 4.63.010 to 4.63.120; as well as California Labor Code, section 204 and California Business & Professions Code, section 17200, et. seq..

8.    This Court has personal jurisdiction over the parties because, at all relevant times herein, Plaintiffs have been California residents and have performed work at the Santa Monica Proper Hotel in California, and each of the Defendants have conducted business and committed the unlawful acts alleged herein in California. This class action is brought pursuant to California Code of Civil Procedure § 382. This case falls within the Court's unlimited jurisdiction because the amount in controversy exceeds $25,000.

9.    Venue is proper in this Court because, at all relevant times, Defendants have maintained a place of business in Santa Monica, California, employed Plaintiffs and the Plaintiff Class in Santa Monica, owned property, or entered into contracts to perform services in Santa Monica, and committed the unlawful acts alleged herein in Santa Monica. The relief requested is within the jurisdiction of this Court.

10.    According to section 4.63.110 of the Santa Monica Municipal Code, any Hotel Worker aggrieved by a violation of the Hotel Worker Living Wage ordinance may file a civil action in a court of competent jurisdiction against the person violating Chapter 4.63.  S.M.M.C § 4.63.110.

### DEMAND FOR JURY TRIAL

11.    Plaintiffs hereby request a jury trial on all claims so triable.

### PARTIES

12.    Plaintiff CHELSEA KUPITZ is an individual who was, at all times relevant herein, employed at the Santa Monica Proper Hotel (the "Proper") as a Hotel Worker, within the meaning of Santa Monica Municipal Code, section 4.63.010, which defines

"Hotel Worker". Plaintiff worked at the Proper Hotel in Santa Monica in from 2019 to the present. During the Class Periods, Plaintiff was not paid the minimum wage requirements for Santa Monica hotel workers under the Hotel Worker Living Wage ordinance of the Santa Monica Municipal Code, Chapter 4.63, sections 4.63.010 to 4.63.120.

13.    Plaintiff ERIC BLOCK is an individual who was, at all times relevant herein, employed at the Santa Monica Proper Hotel (the "Proper") as a Hotel Worker, within the meaning of Santa Monica Municipal Code, section 4.63.010, which defines "Hotel Worker". Plaintiff worked at the Proper Hotel in Santa Monica in from 2019 to the present. During the Class Periods, Plaintiff was not paid the minimum wage requirements for Santa Monica hotel workers under the Hotel Worker Living Wage ordinance of the Santa Monica Municipal Code, Chapter 4.63, sections 4.63.010 to 4.63.120. (Chelsea Kupitz and Eric Block are hereinafter referred to as "Plaintiffs").

14.    Defendant WILSHIRE HM, LLC ("Wilshire HM") was, and at all times mentioned herein, a Delaware limited liability company doing business in the County of Los Angeles, State of California. On information and belief, Wilshire HM owns, controls and/or operates the Santa Monica Proper Hotel (the "Proper Hotel"), located at 700 Wilshire Blvd., in Santa Monica, CA 90401 and is an employer of the employees at the Proper Hotel. On information and belief, Wilshire HM is a Hotel employer, within the meaning of the Santa Monica Municipal Code's definition of "Hotel employer" under section 4.63.010 of the Hotel Worker Living Wage, as codified in Chapter 4.63 of the Santa Monica Municipal Code. The Proper Hotel is a Hotel, within the meaning of the Santa Monica Municipal Code's definition of "Hotel" under section 4.63.010 of the Hotel Worker Living Wage, as codified in Chapter 4.63 of the Santa Monica Municipal Code.

15.    Defendant SANTA MONICA PROPER JV, LLC ("Santa Monica Proper JV") was, and at all times mentioned herein, a Delaware limited liability company doing business in the County of Los Angeles, State of California. On information and belief,

Santa Monica Proper JV, LLC owns, controls and/or operates the Proper Hotel and is an employer of the employees at the Proper Hotel. On information and belief, Santa Monica Proper JV is a Hotel employer, within the meaning of the Santa Monica Municipal Code's definition of "Hotel employer" under section 4.63.010 of the Hotel Worker Living Wage, as codified in Chapter 4.63 of the Santa Monica Municipal Code.

16.    Defendant PROPER HOSPITALITY, LLC ("Proper Hospitality") was, and at all times mentioned herein, a Delaware limited liability company doing business in the County of Los Angeles, State of California. On information and belief, Proper Hospitality owns, controls and/or operates the Proper Hotel and is an employer of the employees at the Proper Hotel. On information and belief, Proper Hospitality is a Hotel employer, within the meaning of the Santa Monica Municipal Code's definition of "Hotel employer" under section 4.63.010 of the Hotel Worker Living Wage, as codified in Chapter 4.63 of the Santa Monica Municipal Code.

17.    Plaintiffs are informed thereon alleges that the Defendants named herein as DOES 1 through 20 (referred to herein as "DOES 1-20" or collectively, with Wilshire, HM, Santa Monica Proper JV, and Proper Hospitality referred to as "Defendants"), inclusive, are and at all times relevant have been legally responsible in some manner for the events and happenings alleged in this Complaint. The true names and capacities, whether individual, corporate, associate or otherwise, are presently unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when the same have been ascertained.

18.    Plaintiffs are informed and believe, and based thereon alleges, that at all times mentioned herein each of the Defendants was a principal, officer, director, agent, representative, alter ego, employee and/or co-conspirator of each of the other Defendants and in such capacity participated in the acts and/or conduct alleged herein and incurred the obligations set forth in this Complaint.

CLASS ACTION COMPLAINT

19.    Plaintiffs are informed and believe, and based thereon alleges, that each of the Defendants ratified, approved, and accepted the benefits of the acts of each of the remaining Defendants alleged in this pleading, with knowledge of the nature and consequences of such acts.

## GENERAL ALLEGATIONS

20.    At all relevant times, Plaintiffs worked at the Santa Monica Proper Hotel. Between July 2022 to the present, Plaintiffs were paid less than the Hotel Worker Living Wage set forth in Chapter 4.63 of the Hotel Worker Living Wage. S.M.M.C § 4.63.015.

21.    Between January 1, 2021 and June 30, 2023, Plaintiffs employment at the Proper Hotel was subject to a bona fide Collective Bargaining Agreement ("CBA") between Defendant Wilshire HM and Unite Here, Local 11.  Buried in a Side Letter located on page 76 of the 76-paged CBA, it states:

> "The Union and the Employer hereby waive all provisions of the City of Santa Monica Wage Ordinance (City of Santa Monica Ordinance No. 2515 CCS), and Hotel Worker Living Wage Ordinance (City of Santa Monica Municipal Code Chapter 4.63), and any regulations related thereto (the "Ordinances"), commencing on the effective date of the Ordinances and concluding on the date of the CBA's expiration, because the CBA provides a superior package of wages, benefits and job protections to the employees the Union represents."

22.    Other than the Side Letter, the CBA makes no mention of a waiver of the Santa Monica Hotel Worker Living Wage.  Furthermore, the Side Letter fails to mention the statutory protection being waived, and fails to mention any statute in the Hotel Worker Living Wage ordinance. See *Vasquez v. Superior Ct.* (2000) 80 Cal.App.4[th] 430, 435-36 ["Broad, general language is not sufficient to meet the level of clarity

required to effect a waiver in a collective bargaining agreement"].  The CBA does not reference the waiver of the minimum wage or identify the minimum wage payment requirement stated in section 4.63.015.  Moreover, the CBA fails to explain the supercession by collective bargaining agreement provided by section 4.63.045 of the Santa Monica Municipal Code.

23.    The CBA expired on June 30, 2023.  As of the date of this Complaint, no new bona fide collective bargaining agreement has been entered into.

24.    On information and belief, at no time did Defendants obtain a one-year waiver from the Santa Monica Finance Director following the expiration of the CBA on June 30, 2023, in accordance with Santa Monica Municipal Code, section 4.63.020.

25.    Because no clear and unambiguous waiver was explicitly stated between July 2022 and June 30, 2023 ("Class Period A"), and because no waiver was in effect between July 1, 2023 and the present ("Class Period B"), Defendants were required to pay Plaintiffs and the Class the Hotel Worker Living Wage in effect at the time. However, Defendants did not pay Plaintiffs and the Class the Hotel Worker Living Wage.

## CLASS ACTION ALLEGATIONS

26.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to California Code of Civil Procedure section 382. The class that Plaintiffs seek to represent (herein referred to as the "Class") is composed of non-exempt "Hotel Workers," who were employed at the Santa Monica Proper Hotel at any time between July 2022 and the present, and who at any time received a wage rate less than the Santa Monica Minimum Wage applicable during the Class Period.  The terms "Hotel Workers" and "Hotel" are defined in Santa Monica Municipal Code, section 4.63.010.

27.    The Class Periods are defined as:

CLASS ACTION COMPLAINT

- Class Period A: December 4, 2022 and June 30, 2023.

- Class Period B: July 1, 2023 to the present.

28.    Numerosity: The members of the class are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the entire class is unknown to Plaintiffs at this time; however, it is estimated that the entire class is greater than 100 individuals, but the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendants.

29.    Commonality and Predominance: There are common questions of law and fact as to the class that predominate over questions affecting only individual members including, without, limitation:

- Whether Defendants violated section 4.63.015 of the Santa Monica Municipal Code by failing to pay the Class the applicable Hotel Worker Living Wage.

- Whether the CBA in effect between January 1, 2021 and June 30, 2023 provided a clear and unambiguous waiver of the Hotel Worker Living Wage for Class Period A.

- Whether any waiver of the Hotel Worker Living Wage existed for Class Period B;

- Whether Defendants engaged in unfair business practices by failing to pay Hotel workers the required minimum wage;

- Whether Defendants failure to pay the Class the Hotel Worker Living Wage was willful, in accordance with section 4.63.110 of the S.M.M.C, thereby justifying treble damages;

- What relief is necessary to remedy the Defendants' unfair and unlawful conduct as herein alleged.

30.    Typicality: Plaintiffs' claims pled as class action claims are typical of the

10

claims of all members of the class as they arise out of the same course of conduct and are predicated on the same violation(s) of the law. Plaintiffs, as representative parties, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through their attorneys who are skilled and experienced in handling matters of this type.

31.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs' interests are fully aligned with those of the absent class members, and Plaintiffs have no conflicts that would impair their ability to serve as representatives. Plaintiffs have retained experienced and competent counsel with extensive expertise in class action litigation, who will vigorously prosecute this action on behalf of the class. Together, Plaintiffs and their counsel will zealously advocate for the class's interests throughout the litigation.

32.    Superiority: The nature of this action and the nature of the laws available to the Class make use of the class action format a particularly efficient and appropriate procedure to afford relief to the Class. Further, this case involves a corporate employer and a large number of individual employees possessing claims with common issues of law and fact. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their careers at present and/or subsequent employment. Proof of a common business practice or factual pattern, of which the named Plaintiffs experienced, is representative of the class mentioned herein and will establish the right of each of the members of the class to recovery on the claims alleged herein. The prosecution of

11

CLASS ACTION COMPLAINT

separate actions by the individual class members, even if possible, would create: (a) a substantial risk of inconvenient or varying verdicts or adjudications with respect to the individual class members against the defendants herein; and/or (b) legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the other class members not parties to the adjudications or which would substantially impair or impede the ability of class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. Plaintiffs are also unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE SANTA MONICA**

**HOTEL WORKER LIVING WAGE ORDINANCE SANTA MONICA**

**(Santa Monica Municipal Code § 4.63.015)**

**(By Plaintiffs and the Class against all Defendants)**

33.    The allegations set forth in the preceding Paragraphs are re-alleged and incorporated herein by reference.

34.    The Santa Monica Municipal Code sets forth requirements for Hotel Workers in the City of Santa Monica, including minimum wage requirements under Chapter 4.63, titled the Hotel Worker Living Wage.

35.    Defendants own and or operate the Proper Hotel, a "Hotel" within the meaning of Santa Monica Municipal Code ["S.M.M.C."], section 4.63.010, which defines a "Hotel" as "a residential building that is designated or used for lodging and other related services for the public, and containing guest rooms or suites of rooms. "Hotel" also includes any contracted, leased or sublet premises connected to or

operated in conjunction with the building's purpose, or providing services at the building. S.M.M.C. § 4.63.010.

36.    Defendants are "Hotel Employers" within the meaning of S.M.M.C. § 4.63.010.

37.    Plaintiffs are "Hotel workers" within the meaning of S.M.M.C., § 4.63.010.

38.    The Hotel Worker Living Wage ordinance states that Hotel Employers are required to pay Hotel Workers a wage of no less than the hourly rates set forth by the City of Santa Monica (the "Hotel Worker Minimum Wage Wage"). S.M.M.C § 4.63.015(a). The City announces the rates annually and publishes a bulletin announcing the rates of the Hotel Worker Minimum Wage. S.M.M.C § 4.63.015(c). The City posts the adjusted minimum wage for Hotel Workers on its website at https://www.santamonica.gov/minimum-wage.

39.    The Hotel Worker Living Wage ordinance states that the ordinance "may be waived in a bona fide collective bargaining agreement, but only if the waiver is explicitly set forth in such agreement is clear and unambiguous terms." S.M.M.C § 4.63.045.

40.    The Hotel Worker Living Wage ordinance states that except for those waivers that are clear, unambiguous and explicitly stated in a bona fide collective bargaining agreements, any waiver of the Hotel Worker Living Wage "shall be deemed contrary to public policy and shall be void and unenforceable." S.M.M.C. § 4.63.050.

41.    For Class Period A, Defendants failed to provide an explicitly stated, clear and unambiguous waiver of the Hotel Worker Living Wage in the CBA, and therefore were required to pay the Class at least the minimum wage in effect at the time, which was $18.17 per hour.

42.    For Class Period B, Defendants did not have any explicitly stated, clear and unambiguous waiver in a bona fide collective bargaining agreement, and therefore were required to pay the Class at least the minimum wage in effect at the time.

CLASS ACTION COMPLAINT

43.     Defendants violated their obligations to pay Plaintiffs and the Class the Hotel Worker Living Wage for Class Periods A and B.

44.     Accordingly, Plaintiffs and the Class are entitled to recover from Defendants legal or equitable relief, including, without limitation, the payment of any back wages unlawfully withheld, the payment of any time off unlawfully withheld, the payment of penalties in the amount of one hundred dollars ($100) to each person whose rights under this Chapter were violated for each day that the violation occurred or continued, and/or injunctive relief, and shall be awarded reasonable attorneys' fees and costs. S.M.M.C § 4.63.110(b).

45.     Plaintiffs are informed and believe, and thereon allege that the failure of Defendants to fully compensate Plaintiffs and the Class for overtime work was willful. As such, Plaintiffs and the Class are entitled to treble the amount of monies and penalties. S.M.M.C § 4.63.110(b).

## SECOND CAUSE OF ACTION

### UNPAID CONTINUING WAGES

### (California Labor Code §§ 204, 210)

### (By Plaintiffs and the Class against all Defendants)

46.     The allegations set forth in the preceding Paragraphs are re-alleged and incorporated herein by reference.

47.     Pursuant to Cal. Lab. Code § 204, all wages earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

48.     Pursuant to Cal. Lab. Code § 210, any person who fails to pay the full wages of an employee as provided for in section 204 shall be subject to a civil penalty of one hundred dollars ($100) for each failure to pay each employee for any initial violation, and two hundred dollars ($200) for each subsequent violation, or any willful or

1   intentional violation, plus 25 percent of the amount unlawfully withheld.

2       49.     Defendants failed to provide Plaintiffs and the Class with their full wages

3   as dictated by the Hotel Worker Living Wage ordinance in the time period required.

4       50.     Plaintiffs and the Class are informed and believe, and thereon allege that

5   the failure of Defendants to pay the posted minimum wage for Hotel Workers under the

6   Hotel Worker Living Wage ordinance to Plaintiffs and the Class was willful.

7       51.     As a result, Plaintiffs and the Class are entitled to civil penalties under

8   Cal. Lab. Code § 210.

9

10                    **THIRD CAUSE OF ACTION**

11                    **UNFAIR BUSINESS PRACTICES**

12            **(California Business & Professions Code § 17200)**

13            **(By Plaintiffs and the Class against all Defendants)**

14      52.     The allegations set forth in the preceding Paragraphs are re-alleged and

15  incorporated herein by reference.

16      53.     "The unfair competition law's scope is broad. Unlike the Unfair Practices

17  Act, it does not proscribe specific practices. Rather, as relevant here, it defines 'unfair

18  competition' to include 'any unlawful, unfair or fraudulent business act or practice.

19  (Business and Professions Code §17200 et seq.) Its coverage is 'sweeping, embracing

20  anything that can properly be called a business practice and that at the same time is

21  forbidden by law.'" *22 Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.* (1999)

22  20 Cal. 4th 163, 180 (internal citations omitted).

23

24      54.     Pursuant to California's Unfair Competition Law, Defendants, and each of

25  them, were at all times relevant to this action, obligated to refrain from engaging in

26  unlawful and unfair business practices.

27      55.     During the period of Plaintiffs' and the Class's employment, Defendants,

28  and each of them, engaged in a course of illegal business practices prohibited by the

---

                                    15

Unfair Competition Law. Therefore, by so violating the law in the aforementioned ways, Defendants have engaged in unlawful, unfair, and fraudulent business practices in violation of Bus. & Prof. Code § 17200.

56.    Defendants, and each of them, pursuant to such unlawful practices, have enriched themselves at the expense of innocent victims, and have gained an unfair advantage over law-abiding employers.

57.    As a proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiffs and the Class have suffered and continue to suffer substantial harm in losses in earning and other employment benefits (which were substantially caused by Defendants' conduct) in an amount according to proof at trial.

58.    Plaintiffs have also incurred and continue to incur attorneys' fees and legal expenses in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(California Labor Code § 226)**

**(By Plaintiffs and the Class against all Defendants)**

59.    The allegations set forth in the preceding Paragraphs are re-alleged and incorporated herein by reference.

60.    Pursuant to California Labor Code § 226(a), employers are required to provide employees with accurate itemized statements in writing showing, among other things: (1) gross wages earned; (2) total hours worked by the employee; (3) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and (4) net wages earned. These statements must be provided semimonthly or at the time of each payment of wages.

61.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all

CLASS ACTION COMPLAINT

actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, plus costs and reasonable attorneys' fees, pursuant to California Labor Code § 226(e).

62.    An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, plus costs and reasonable attorneys' fees, pursuant to California Labor Code § 226(e).

63.    At all relevant times during the Class Periods, Defendants failed to provide Plaintiffs and the Class with accurate itemized wage statements as required by Labor Code § 226(a). Specifically, because Defendants failed to pay Plaintiffs and the Class the minimum wages required under the Santa Monica Hotel Worker Living Wage Ordinance (S.M.M.C. § 4.63.015), the wage statements provided to Plaintiffs and the Class inaccurately understated the gross wages earned, the net wages earned, and the applicable hourly rates in effect. The wage statements reflected wages paid at rates below the mandated minimum, which did not accurately represent the true amounts owed or the legally required rates.

64.    Defendants' failure to provide accurate itemized wage statements was knowing and intentional, as Defendants were aware of or should have been aware of the minimum wage requirements under the Ordinance but systematically paid and recorded wages below those rates

65.    As a direct and proximate result of Defendants' violations of Labor Code § 226(a), Plaintiffs and the Class have suffered injury, including but not limited to confusion and difficulty in determining the correct amounts of wages owed, the need to perform mathematical computations to verify underpayments, and the inability to accurately track wages for tax and other purposes.

66.    Plaintiffs and the Class are entitled to recover penalties under Labor Code § 226(e), actual damages, reasonable attorneys' fees, costs, and injunctive relief to ensure future compliance.

67.    Pursuant to Labor Code § 226(e), Plaintiffs and the Class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs and the Class pray:

1.    For the Court to certify this as a class action and to appoint the undersigned firms as Class Counsel.

2.    For compensatory damages, including back wages, according to proof;

3.    For continuing wages;

4.    For penalties of one hundred dollars per day to each person whose rights under the Hotel Worker Living Wage ordinance were violated;

5.    For an award of interest, including prejudgment interest, at the legal rate;

6.    For penalties pursuant to California Labor Code § 226(e) in the greater of actual damages or fifty dollars ($50) for the initial pay period violation and one hundred dollars ($100) for each subsequent violation per employee, not to exceed an aggregate of four thousand dollars ($4,000) per

18

employee.

7. For an award of attorneys' fees;

8. For statutory and civil penalties;

9. For treble the amount of monies and penalties;

10. For costs of suit incurred herein; and,

11. For injunctive relief including, but not limited to:

    a. An order prohibiting Defendants from enforcing or relying on any CBA or MOU that attempts to retroactively waive minimum wage obligations, unless approved by the City of Santa Monica's Finance Director.

    b. An order requiring Defendants to post conspicuous notices (in English, Spanish, Korean [and any other language required by statute]) in employee common areas, stating (i) the current Hotel Worker minimum wage, (ii) the workers' right to receive the Hotel Worker minimum wage absent a waiver, (iii) the waiver, if any, in effect, at any time, and (iv) contact information for the City of Santa Monica's relevant enforcement division.

    c. Appointment of a neutral third-party monitor or auditor, for a period of 2-3 years, to (i) audit payroll practices; (ii) confirm compliance with the City's wage ordinances and reporting requirements; (iii) provide annual reports to the Court and the parties.

12. For such other and further relief as the court deems just and proper.

CLASS ACTION COMPLAINT

Respectfully submitted,


WINNICK LAW, PC


Dated: August 18, 2025                By: _____

Alexander H. Winnick
Attorneys for Plaintiffs


Maurice R. Mitts, Esq.
(*Pro Hac Vice Forthcoming*)
MITTS LAW, LLC
1822 Spruce Street
Philadelphia, PA 19103
mmitts@mittslaw.com
T (215) 866-0112
F (215) 866-0113

Evan Murphy, Esq.
(*Pro Hac Vice Forthcoming*)
MURPHY ADVOCATES LLC
338 Selma Avenue
St. Louis, MO 63119
evan@murphyadvocates.com
p: (314) 753-5212

CLASS ACTION COMPLAINT

# EXHIBIT B

**CT Corporation**
**Service of Process Notification**
08/22/2025
CT Log Number 549938943

![Wolters Kluwer]

## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | Keith Hansen<br>Kor Realty Group<br>225 ARIZONA AVE STE 350<br>SANTA MONICA, CA 90401-1244 |
| **RE:** | **Process Served in California** |
| **FOR:** | Proper Hospitality, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CHELSEA KUPITZ, ERIC BLOCK, in their individual and representative capacities // To: Proper Hospitality, LLC |
| **CASE #:** | 25STCV24280 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/22/2025 at 12:45 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Keith Hansen  keith.hansen@properhotel.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                   Fri, Aug 22, 2025
**Server Name:**                            Jimmy Lizama

| Entity Served | PROPER HOSPITALITY, LLC |
|---|---|
| Case Number | 25STCV24280 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



# EXHIBIT C



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

### Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Alexander H. Winnick, State Bar # 239430<br>Winnick Law, PC<br>2450 Colorado Ave., Suite 100E<br>Santa Monica, CA 90404 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: (424) 317-7411      FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiffs CHELSEA KUPITZ, ERIC BLOCK | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/18/2025 2:38 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
CHELSEA KUPITZ, et. al. v. WILSHIRE HM, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 25STCV24280 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter      ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  Four (4)
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 18, 2025
Alexander H. Winnick, Esq.
_____
(TYPE OR PRINT NAME)                           ► _____
                                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: CHELSEA KUPITZ, et. al. v. WILSHIRE HM, LLC, et al. | CASE NUMBER 25STCV24280 |

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: CHELSEA KUPITZ, et. al. v. WILSHIRE HM, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 2 of 4

| SHORT TITLE: CHELSEA KUPITZ, et. al. v. WILSHIRE HM, LLC, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: CHELSEA KUPITZ, et. al. v. WILSHIRE HM, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY: | STATE: | ZIP CODE: |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __August 18, 2025__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>08/18/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>25STCV24280 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Carolyn B. Kuhl | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 08/19/2025 _____
    (Date)

By J. Nunez _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

### INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

#### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

#### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

#### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

#### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

#### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

#### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.