DINA S. GLUCKSMAN (SBN: 245646)
dglucksman@grsm.com
ALEXANDER K. SPELLMAN (SBN: 250398)
aspellman@grsm.com
JUNHA BAEK (SBN: 360960)
jbaek@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendants
WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC,
and PROPER HOSPITALITY, LLC.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHELSEA KUPITZ, ERIC BLOCK, in their individual and representative capacities,<br><br>Plaintiff,<br><br>v.<br><br>WILSHIRE HM, LLC; SANTA MONICA PROPER JV, LLC; PROPER HOSPITALITY, LLC, and DOES 1-20, Inclusive,<br><br>Defendant. | Case No. 2:25-cv-09016<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>District Judge:<br><br>Magistrate Judge:<br><br>Complaint Filed: August 18, 2025<br><br>Trial Date: Not Yet Assigned |

Defendants WILSHIRE HM, LLC ("Wilshire"), SANTA MONICA PROPER JV, LLC. ("SM Proper"), and PROPER HOSPITALITY ("Proper Hospitality") (collectively "Defendants") by and through their attorneys of record, hereby answer the complaint of Plaintiffs CHELSEA KUPITZ and ERIC BLOCK (collectively "Plaintiffs"), as follows:

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**INTRODUCTION**

1. In response to Paragraph 1 of the Complaint, Defendants admit that SM Proper is named The Santa Monica Proper Hotel. Defendants also admit that the SM Proper includes a 1928 Spanish Colonial Revival building, that the website describes around 267 guest rooms and suites, two restaurants, a rooftop pool, a fitness spa, retail shops, and event space, and some quoted language on page 2 of Plaintiffs' Complaint, paragraph 1, between lines 1 and 13, ending with "8,000 square feet of event space." Defendants deny the characterizations and conclusions of SM Proper contained in the remaining allegations stated within Paragraph 1, starting at line 13 at "Rooms at the Proper range […]". Defendants further deny the allegations that the Proper hotel does not pay its workers the minimum wage to the extent that the statement asserts a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny as to the remainder, and deny any inferences created by any allegations within Paragraph 1.
2. In response to Paragraph 2 of the Complaint, Defendants admit that a wage ordinance has been established by the City of Santa Monica under Santa Monica Municipal Code Article 4.63. Deny as to remainder. To the extent an answer to Paragraph 2 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every remaining allegation contained therein. Further, Defendants denies any inference that the cited code(s) or referenced scale apply to the allegations stated in Plaintiffs' complaint.
3. In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiffs worked at the SM Proper location. However, in response to all other allegations stated in Paragraph 3, Defendants state that the remaining allegations contained therein assert and/or call for legal

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

conclusions and/or interpretation of law, and therefore an answer is not required. To the extent an answer to the remaining allegations of Paragraph 3 is required, Defendants deny the remaining allegations, and deny any inferences created by any allegations within Paragraph 3.

4. In response to Paragraph 4 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 4 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis deny any inferences created by any allegations within Paragraph 4.

5. In response to Paragraph 5 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 5 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 5.

6. In response to Paragraph 6 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 6 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 6.

**JURISDICTION AND VENUE**

7. In response to Paragraph 7 of the Complaint, Defendants state that the allegations contained therein are vague, assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 7 is required, Defendants

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Defendants state that the allegations contained therein are vague, assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 8 is required, Defendants lack sufficient information or knowledge to admit or deny as to the residency requirements of Plaintiffs and alleged similarly situated employees and, on that basis, deny each and every allegation contained therein. As to all other allegations and inferences in the paragraph, to the extent an answer is required, Defendants deny each and every remaining allegation contained therein, and deny any inferences created by the allegations within Paragraph 8.

9. In response to Paragraph 9 of the Complaint, Defendants admit that Defendants have "maintained a place of business in Santa Monica, California," and entered into contracts in Santa Monica. However, in response to the remaining allegations stated within Paragraph 9, Defendants state that the remaining allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 9 is required, Defendants deny each and every remaining allegation contained therein, and deny any inferences created by the allegations within Paragraph 9.

10. In response to Paragraph 10 of the Complaint, Defendants state that the allegations contained therein are vague, assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 10 is required, Defendants

lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 10.

**DEMAND FOR JURY TRIAL**

11. In response to Paragraph 11 of the Complaint, Defendants admit that Plaintiffs requested a jury trial. Deny as to remainder.

**PARTIES**

12. In response to Paragraph 12 of the Complaint, Defendants admit that Plaintiff CHELSEA KUPITZ is an individual. However, in response to the remaining allegations stated within Paragraph 12, Defendants state that the remaining allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 12 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 12.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Plaintiff ERIC BLOCK is an individual. However, in response to the remaining allegations stated within Paragraph 13, Defendants state that the remaining allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 13 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 13.

14. In response to Paragraph 14 of the Complaint, Defendants admit that Defendant WILSHIRE HM, LLC was, and at all times mentioned herein, a "Delaware limited liability company doing business in the County of Los Angeles, State of California." Defendants admit that Wilshire "owns, controls and/or operates the Santa Monica Proper Hotel". Defendants

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

further admit that the location stated as "700 Wilshire Blvd., in Santa Monica, CA 90401" in paragraph 14 as an accurate statement of the address. However, in response to the remaining allegations stated within Paragraph 14, Defendants state that the remaining allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 14 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 14.

15. In response to Paragraph 15 of the Complaint, Defendants admit that " SANTA MONICA PROPER JV, LLC […] was, and at all times mentioned herein, (sic) a Delaware limited liability company doing business in the County of Los Angeles, State of California." However, as to the remaining allegations, Defendants state that the remaining allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 15 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 15.

16. In response to Paragraph 16 of the Complaint, Defendants admit that "PROPER HOSPITALITY, LLC […] was, and at all times mentioned herein, (sic) a Delaware limited liability company doing business in the County of Los Angeles, State of California." However, to the remaining allegations, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 16 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Paragraph 16.

17. In response to Paragraph 17 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 17 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 17.

18. In response to Paragraph 18 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 18 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 18.

19. In response to Paragraph 19 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 19 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 19.

///

## GENERAL ALLEGATIONS

20. In response to Paragraph 20 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 20 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 20.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

21. In response to Paragraph 21 of the Complaint, Defendants admit that "a bona fide Collective Bargaining Agreement ("CBA") between Wilshire HM and Unite Here, Local 11" included, *inter alia*, the dates including and between "January 1, 2021 and June 30, 2023". Defendants further admit that the quoted language in Paragraph 21 exists in the CBA. However, in response to the remaining allegations stated in Paragraph 21, Defendants deny any inference that the CBA excludes dates beyond January 1, 2021, and June 30, 2023. Defendants further deny as to remainder, and deny any other inferences created by the allegations within Paragraph 20.

22. In response to Paragraph 22 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 22 is required, Defendants deny each and every allegation contained therein. Further, to the extent that an answer to Paragraph 22 is required, Defendants deny any inference that employees of Defendants were not given notice of the waiver of the Santa Monica Hotel Worker Living Wage or any other inference that can be made from Paragraph 22. Defendants further deny any other inferences created by the allegations within Paragraph 22.

23. In response to Paragraph 23, of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 23 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 23.

24. In response to Paragraph 24 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions,

and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 24 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 24.

25. In response to Paragraph 25 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 25 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 25.

**CLASS ACTION ALLEGATIONS**

26. In response to Paragraph 26, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 26 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 26.

27. In response to Paragraph 27 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 27 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 27.

28. In response to Paragraph 28 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 28 is required, Defendants deny each

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 28.

29. In response to Paragraph 29 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 29 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 29.

30. In response to Paragraph 30 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 30 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 30.

31. In response to Paragraph 31 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 31 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis, deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 31.

32. In response to Paragraph 32 of the Complaint, Defendants state that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 32 is required, Defendants lack sufficient information or knowledge to admit or deny and, on that basis,

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

deny each and every allegation contained therein, and on the same basis, deny any inferences created by the allegations within Paragraph 32.

## FIRST CAUSE OF ACTION

33. With respect to Paragraph 33 of the Complaint, Defendants repeat and hereby incorporate their responses to Paragraph 1 through 32 above.

34. In response to Paragraph 34 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. To the extent an answer to Paragraph 34 is required, Defendants admit only to the extent that Paragraph 34 reincorporates the portion of Paragraph 2 to which Defendants admitted, specifically that a wage ordinance has been established by the City of Santa Monica under Santa Monica Municipal Code Article 4.63. Otherwise, to the extent that an answer to Paragraph 34 is required, Defendants deny as to the remainder, and deny as to any inference created by the allegations in Paragraph 34.

35. In response to Paragraph 35 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and uses the undefined term "Hotel," and therefore an answer is not required. Defendants deny the remaining allegations to the extent they assert or imply any inference of applicability to Plaintiffs, the alleged putative class, or any other individuals. To the extent an answer to Paragraph 35 is required, Defendants deny each and every allegation contained therein, and deny any inference created by the allegations in Paragraph 35.

36. In response to Paragraph 36 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. Defendants deny the remaining allegations to the extent they assert or

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

imply any inference of applicability to Plaintiffs, the putative class, or any other individuals. To the extent an answer to Paragraph 36 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 36.

37. In response to Paragraph 37 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and therefore an answer is not required. Defendants deny the remaining allegations to the extent they assert or imply any inference of applicability to Plaintiffs, the putative class, or any other individuals. To the extent an answer to Paragraph 37 is required, Defendants deny each and every allegation contained therein, and deny any inferences created by the allegations within Paragraph 37.

38. In response to 38 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and contain vague and ambiguous language about the ordinances cited, and therefore an answer is not required. To the extent an answer to Paragraph 38 is required, Defendants admit only to the extent that Paragraph 38 reincorporates the portion of Paragraph 2 to which Defendants admitted, specifically that a wage ordinance has been established by the City of Santa Monica under Santa Monica Municipal Code Article 4.63. Otherwise, to the extent that an answer to Paragraph 38 is required, Defendants deny as to the remainder, and deny as to any inference created by the allegations in Paragraph 38.

39. In response to Paragraph 39 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and contain vague and ambiguous language about the ordinances cited, and therefore an answer is not required. To the extent an answer to Paragraph 39 is required, Defendants admit only to the extent

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

that Paragraph 39 reincorporates the portion of Paragraph 2 to which Defendants admitted, specifically that a wage ordinance has been established by the City of Santa Monica under Santa Monica Municipal Code Article 4.63. Otherwise, to the extent that an answer to Paragraph 39 is required, Defendants deny as to the remainder, and deny as to any inference created by the allegations in Paragraph 39.

40. In response to Paragraph 40 of the Complaint, Defendants object that the allegations contained therein assert and/or call for legal conclusions, and/or interpretation of law, and contain vague and ambiguous language about the ordinances cited, and therefore an answer is not required. To the extent an answer to Paragraph 40 is required, Defendants admit only to the extent that Paragraph 40 reincorporates the portion of Paragraph 2 to which Defendants admitted, specifically that a wage ordinance has been established by the City of Santa Monica under Santa Monica Municipal Code Article 4.63. Otherwise, to the extent that an answer to Paragraph 40 is required, Defendants deny as to the remainder, and deny as to any inference created by the allegations in Paragraph 40.

41. In response to Paragraph 41 of the Complaint, Defendants object that the statement is vague and ambiguous as to the term “Class Period A,” calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 41, and deny any inferences created by the allegations within Paragraph 41.

42. In response to Paragraph 42 of the Complaint, Defendants object that the statement is vague and ambiguous as to “Class Period B,” calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

an answer is required, Defendants deny each and every allegation of Paragraph 42, and deny any inferences created by the allegations within Paragraph 42.

43. In response to Paragraph 43 of the Complaint, Defendants object that the statement is vague and ambiguous as to "Class Periods A and B," calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 43, and deny any inferences created by the allegations within Paragraph 43.

44. In response to Paragraph 44 of the Complaint, Defendants object that the statement is vague and ambiguous as to "Class," calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 44.

45. In response to Paragraph 45 of the Complaint, Defendants object that the statement is vague and ambiguous as to "Class," calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 45, and deny any inferences created by the allegations within Paragraph 45.

**SECOND CAUSE OF ACTION**

46. With respect to Paragraph 46 of the Complaint, Defendants repeat and hereby incorporate their responses to Paragraphs 1 through 45 above.

47. With respect to Paragraph 47 of the Complaint, Defendants admit that Paragraph 47 appears to contain a reasonable partial paraphrasing of California Labor Code section 204. However, in response to the remaining allegations contained within Paragraph 47, Defendants deny all

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

remaining allegations to the extent they assert or imply any inference of applicability of California Labor Code section 204, or a violation thereof, to Plaintiffs, the alleged putative class, or any other individuals. Defendants further deny any inferences created by the allegations within Paragraph 47.

48. With respect to Paragraph 48 of the Complaint, Defendants admit that Paragraph 48 appears to contain an a reasonable partial paraphrasing of California Labor Code section 210. However, in response to an other allegations stated within Paragraph 48, Defendants deny each and every allegations to the extent they assert or imply any inference of applicability of California Labor Code section 210, or a violation thereof, to Plaintiffs, the putative class, or any other individuals. Defendants further deny any inferences created by the allegations within Paragraph 48.

49. In response to Paragraph 49 of the Complaint, Defendants object that the statement is vague and ambiguous, specifically as to "Class," calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each of the remaining allegations of Paragraph 49, and deny any inferences created by the allegations within Paragraph 49.

50. In response to Paragraph 50 of the Complaint, Defendants object that the statement is vague and ambiguous, specifically as to the terms "Class" and "willful," calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every of the remaining allegations of Paragraph 50, and deny any inferences created by the allegations within Paragraph 50.

51. In response to Paragraph 51 of the Complaint, Defendants object that the

statement is vague and ambiguous, specifically as to the term "Class" and phrase "as a result," calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every of the remaining allegations of Paragraph 51, and deny any inferences created by the allegations within Paragraph 51.

**THIRD CAUSE OF ACTION**

52. With respect to Paragraph 52 of the Complaint, Defendants repeat and hereby incorporate their responses to Paragraphs 1 through 51 above.

53. In response to Paragraph 53 of the Complaint, Defendants admit that the quote contained in Paragraph 53 is excerpted from *22 Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*. (1999) 20 Cal. 4th 163, 180, and that citations have been omitted. However, in response to any allegation or inference contained within Paragraph 53, Defendants deny each and every allegation to the extent they assert or imply any inference of applicability to Plaintiffs, Defendants, the alleged putative class, or any other individuals. Defendants further deny any inferences created by the allegations within Paragraph 53.

54. In response to Paragraph 54 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 54 of the Complaint and deny each and every inference that may be created by allegations contained within Paragraph 54 of the complaint.

55. In response to Paragraph 55 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation within Paragraph 55, and deny each and every inference created by the allegations within Paragraph 55.

56. In response to Paragraph 56 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation within Paragraph 56, and deny each and every inference created by the allegations within Paragraph 56.

57. In response to Paragraph 57 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation within Paragraph 57, and deny each and every inference created by the allegations within Paragraph 57.

58. In response to Paragraph 58 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation within Paragraph 58, and deny each and every inference created by the allegations within Paragraph 58.

**FOURTH CAUSE OF ACTION**

59. With respect to Paragraph 59 of the Complaint, Defendants repeat and hereby incorporate their responses to Paragraphs 1 through 58 above.

60. In response to Paragraph 60 of the Complaint, Defendants object that the statement is vague and ambiguous as to the phrase "semi-monthly," and paraphrase of the relevant law, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

therefore an answer is not required. To the extent that an answer is required: Defendants admit that the statement "[p]ursuant to California Labor Code section 226(a), employers are required to provide employees with accurate itemized statements in writing showing, among other things: (1) gross wages earned; (2) total hours worked by the employee; (3) all applicable hourly rates in effect during the pay period and the corresponding number or hours worked at each hourly rate by the employee; and (4) net wages earned[]" is a reasonable paraphrasing of a portion of California Labor Code section 226. Defendants further state that to the extent that an answer is required: Defendants deny any remaining allegation in Paragraph 60 to the extent such allegations include an assertion or implication or inference of applicability to Plaintiffs, Defendants, the alleged putative class, or any other individuals. Defendants further deny any inferences created by the allegations within Paragraph 60.

61. In response to Paragraph 61 of the Complaint, Defendants object that the statement is vague and ambiguous as to the paraphrase of the relevant law, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent that an answer is required: Defendants admit that this paragraph includes a reasonable paraphrasing of a portion of California Labor Code section 226. Otherwise, to the extent that an answer is required: Defendants deny the remaining allegations in Paragraph 61 to the extent they assert or imply any inference of applicability to Plaintiffs, Defendants, the putative class, or any other individuals. Defendants further deny any inferences created by the allegations within Paragraph 61.

62. In response to Paragraph 62 of the Complaint, Defendants object that the statement is vague and ambiguous as to the paraphrase of the relevant law, calls for speculation, calls for legal conclusion and/or interpretation of law,

assumes facts not in evidence, and therefore an answer is not required. To the extent that an answer is required: Defendants admit that this paragraph includes a reasonable paraphrasing of a portion of California Labor Code section 226. Otherwise, to the extent that an answer is required: Defendants deny the remaining allegations in Paragraph 62 to the extent they assert or imply any inference of applicability to Plaintiffs, Defendants, the putative class, or any other individuals. Defendants further deny any inferences created by the allegations within Paragraph 62.

63. In response to Paragraph 63 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required: Defendants admit only to the extent that Paragraph 63 reincorporates the portion of Paragraph 2 to which Defendants admitted, specifically that a wage ordinance has been established by the City of Santa Monica under Santa Monica Municipal Code Article 4.63. Otherwise, to the extent that an answer is required: Defendants deny each and every allegation and inference in Paragraph 63.

64. In response to Paragraph 64 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation of Paragraph 64, and each and every inference created by the allegations contained therein.

65. In response to Paragraph 65 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required,

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Defendants deny each and every allegation contained in Paragraph 65 of the Complaint, and further, deny each and every inference created by the allegations contained therein.

66. In response to Paragraph 66 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 66 of the Complaint, and further, deny each and every inference created by the allegations contained therein.

67. In response to Paragraph 67 of the Complaint, Defendants object that the statement is vague and ambiguous, calls for speculation, calls for legal conclusion and/or interpretation of law, assumes facts not in evidence, and therefore an answer is not required. To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 67 of the Complaint, and further, deny each and every inference created by the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendants Assert the following affirmative defenses, the applicability of which will be determined through the course of investigation and discovery. These affirmative defenses, except where otherwise indicated, are being asserted as to each and every allegation in Plaintiffs' Complaint. By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden property belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular allegation, issue, or subject matter is true or relevant.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration, ADR, or Waiver)**

Defendants assert that arbitration or ADR is the appropriate venue for Plaintiffs' and or the purported class members' claims as Defendants possess certain arbitration and class action waiver rights based on contracts entered into by the Plaintiffs and the alleged class members. These are mandatory binding arbitration provisions including in collective bargaining agreements controlling the terms of Plaintiffs employment and those of alleged class members, and controlling the application of work rules at issue in Plaintiffs' Complaint. Plaintiffs' failure to properly demand arbitration makes litigation of this matter in civil court impossible because of the exclusive jurisdiction of the Arbitrator and/or the National Labor Relations Board.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal and Administrative Remedies)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or purported class members failed to exhaust required administrative remedies, including, but not limited, to exhaustion required under the California Labor Code, the Private Attorneys General Act, the California Civil Rights Department, any collective bargaining agreement in effect which includes prescribed administrative remedies, or those included per the National Labor Relations Board. To the extent applicable, Plaintiffs and/or alleged class members also failed to exhaust or comply with Defendants' internal grievance, complaint, or dispute resolution procedures. Among these, Plaintiffs have failed to plead that Union UNITE HERE Local 11, which is a necessary party to this action (*see* Fifth Affirmative Defense, *infra*), breached its duty of fair representation, as Plaintiffs would be required to plead in an action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**THIRD AFFIRMATIVE DEFENSE**

**(Preemption)**

Plaintiffs' claims are barred, in whole or in part, because they are preempted by federal law, including but not limited to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq*., Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the National Labor Relations Act, 29 U.S.C. §§ 151 – 169, as amended by the Labor Relations Management Act, 29 U.S.C. §§ 141 *et seq*., and related preemption doctrine (*see, e.g*., *Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers v. Wis. Emp. Rels. Comm'n*, (1976) 427 U.S. 132; *San Diego Bldg, Trades Council v. Garmon*, (1959) 359 U.S. 236, etc.), and underlying, the Supremacy Clause of the United States Constitution, Article VI, clause 2, all of which contain provisions preempting claims that are substantially dependent upon or require interpretation of a collective bargaining agreement. Such claims and questions include, *inter alia*, but are not limited to questions as to whether a collective bargaining agreement is "bona fide", whether Defendant and the unions representing Plaintiff and alleged class members engaged in good faith collective bargaining during the alleged liability period(s), all of which fall within the exclusive jurisdiction of the National Labor Relations Board, and/or are subject to arbitration pursuant to the collective bargaining agreement(s), memorandum(s) of understanding, and memorandum(s) of agreement in effect or otherwise at issue during the alleged liability period(s).

**FOURTH AFFIRMATIVE DEFENSE**

**(Union Waiver / Collective Bargaining)**

Plaintiffs' claims are barred, in whole or in part, because plaintiffs' union, acting as the exclusive bargaining representative, waived or modified certain statutory or contractual rights through collective bargaining.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Include Necessary Parties)**

Pursuant to Federal Rule of Civil Procedure section 19, which requires

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

joinder of all parties with an interest in the subject matter of Plaintiffs' claims, the Court may dismiss Plaintiffs' lawsuit if an indispensable party is not included. Plaintiffs' Complaint, in Paragraph 11 of Plaintiffs' Prayer for Relief, includes a request for injunctive relief, including "[a]n order prohibiting Defendants from enforcing or relying on any CBA or MOU that attempts to retroactively waive minimum wage obligations, unless approved by the City of Santa Monica's Finance Director." Thus, the subject matter of Plaintiffs' lawsuit necessarily requires union UNITE HERE Local 11 as a party to this action as the Court is being asked to effectively change the terms of the contract(s) between Defendants and UNITE HERE Local 11; UNITE HERE Local 11 has not been added though it would be bound by any ruling this Court may provide, and must be added, or the matter may be dismissed.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure of Consideration / Modification / Accord and Satisfaction)**

To the extent Plaintiffs' claims arise out of contracts or agreements, they are barred because the contracts lacked consideration, were modified or superseded, or were satisfied through accord and satisfaction.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Impossibility / Impracticability / Frustration of Purpose)**

Plaintiffs' claims are barred to the extent performance under any contract or agreement was rendered impossible, impracticable, or frustrated by circumstances beyond Defendants' control.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Estoppel and Waiver by Conduct)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and/or purported class members, by their conduct, representations, or omissions, waived or are estopped from asserting certain rights or claims arising out of their agreements, as well as past and current practices, customs, and usages under their agreements.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Past Practice / Custom and Usage)**

To the extent Plaintiffs' claims arise under a collective bargaining agreement, they are barred or limited by past and current practices, customs, and usages recognized under that agreement.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Failure to State a Claim)**

Defendants allege Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to allege facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted against Defendants.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(Statute of Limitations)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Labor Code provisions including §§ 204, 210, 226, California Business and Professions Code § 17208; and any other applicable federal or state statutes of limitations.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(Unclean Hands)**

Defendants allege that Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands, where Plaintiffs and/or the purported class members are not acting in good faith by bringing the instant lawsuit and has fabricated all allegations of failure to pay all wages, other wage and hour claims, and PAGA violations. This Affirmative Defense is pled in the alternative, is to be determined by the Court at trial, and Defendants reserve the right to supplement the facts stated herein after the parties have engaged in discovery.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(Laches)**

Defendants allege that Plaintiffs are liable for undue delay in filing and prosecuting this suit, and accordingly, this action is barred by the doctrine of laches

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

**(Lack of Damages/Failure to Mitigate)**

Defendants allege that Plaintiffs and/or the purported class members have suffered no damages as a result of any alleged act or omission of Defendants, and even if Plaintiffs and/or the purported class members have suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to their own failure to take reasonable action to mitigate said damages or injuries, if any.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

**(Good Faith Dispute)**

Defendants allege that without conceding that there are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages and/or monies. Therefore, penalties are not warranted.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

**(Payment and Release)**

Defendants allege that Plaintiffs and/or the purported class members were paid in full all monies or other consideration due, or claimed to be due, and therefore Defendants are released from any and all continuing obligations to Plaintiffs and/or the purported class members.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

**(Offset)**

The Complaint is barred as against Defendants as the amounts claimed are overstated or are subject to offset.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Standing)**

Defendants allege that Plaintiffs have no standing to bring some or all of the claims which are therefore barred.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Defendants Acted in Good Faith)**

Defendants allege that Defendants' employment practices are in conformity with both federal and state wage laws. Defendants also allege that activities undertaken with respect to Plaintiffs and the purported class members, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or due to business related reasons which were neither arbitrary, capricious nor unlawful.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Compliance with Law/*De Minimis*)**

Defendants allege that any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred by Defendants' compliance or substantial compliance with all applicable laws underlying Plaintiffs' claims and the purported Labor Code violations, if any, were *de minimis*.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Reasonable Interpretation of Applicable Law)**

Defendants allege that Defendants acted in good faith reliance upon the reasonable interpretation of applicable law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Plaintiffs Not Entitled to Attorneys' Fees)**

Defendants allege that Plaintiffs' Complaint and each cause of action therein fails to state facts upon which attorney's fees can be awarded to Plaintiffs' Attorney(s). Despite allegations to the contrary, Plaintiffs and/or the purported class

members have been paid all that they are entitled to and Defendants issued accurate and itemized wage statements.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Defendants Entitled to Attorneys' Fees)**

Defendants allege that to the extent that the Complaint and each cause of action set forth therein are unreasonable and/or filed in bad faith and/or are frivolous in nature, an award of attorneys' fees and costs is justified against Plaintiffs pursuant to California Law.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Accurately Report Hours Worked)**

Defendants allege that Plaintiffs and the purported class members did not accurately report the hours for which they seek allegedly unpaid wages, overtime and penalties; therefore, Plaintiffs and/or the purported class members are barred from seeking penalties to recover from Defendants. Despite their allegations to the contrary, Plaintiffs and the purported class members have been paid all that they are entitled to. All amounts claimed by Plaintiffs and the purported class members are disputed in good faith. Defendants deny any knowledge, actual or constructive, that Plaintiffs and/or the purported class members worked without proper and complete compensation. If Plaintiffs and/or the purported class members are owed any compensation for hours allegedly worked, Plaintiffs and/or the purported class members failed to report these hours, worked them without Defendants' knowledge, and purposely hid these allegedly worked hours from Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith Believe in Compliance with Obligations)**

Defendants allege that they acted with a reasonable and good faith belief that they complied with its obligations, if any, under the California Labor Code, specifically including but not limited to sections 204, 210, and 226, and the applicable

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Industrial Welfare Commission Wage Order, and/or Business & Professions Code provisions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Timely Receipt of All Sums and Benefits)**

Defendants allege that Plaintiffs and the purported class members have been timely paid and/or received all sums, wages, and benefits due by virtue of their employment, and therefore Defendants are released from any and all continuing obligations to Plaintiffs and/or the proposed class members.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Conduct did Not Violate Cal. Bus. And Prof. Code § 17200 *Et Seq*.)**

Defendants allege that their actions or practices were not unfair, unlawful, fraudulent, or deceptive within the meaning of the California Business and Professions Code § 17200 *et seq*.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Business Judgement Rule)**

Defendants allege that any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred by the Business Judgment Rule applicable to claims of unlawful business practices under California Business & Professions Code section 17200. Despite their allegations to the contrary, Plaintiffs and proposed class members have been paid all that they are entitled to and Defendants issued accurate and itemized wage statements.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Benefits Outweigh Impact)**

Defendants allege that any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred because the benefits of the alleged unfair business practices outweigh whatever particular harm or impact it may cause to an alleged victim and therefore the business practice is not unfair under California Business & Professions Code section 17200. Despite the allegations to the contrary,

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

Plaintiffs and the purported class members have been paid all sums that they are entitled to and Defendants issued accurate and itemized wage statements.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Business Justification Defense)**

Defendants allege that any recovery on Plaintiffs' Complaint, or any cause of action contained therein, may be barred by the business justification defense applicable to claims of unlawful business practices under California Business & Professions Code sections 17200 *et seq*.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Taking)**

Defendants allege that any award of restitution under California Business & Professional Code, sections 17200 *et seq*., would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment to the United States Constitution (as incorporated the Fourteenth Amendment to the United States Constitution) and of Article I, Section 19, of the California Constitution.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Ill-Defined Classes)**

Defendants allege that the putative class and subclass alleged in the Complaint are inadequately defined and not administratively ascertainable.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Inadequate Class Representative)**

Plaintiffs are not an adequate or proper representative of the putative class, and otherwise has conflicts of interest with the class, rendering Plaintiffs inadequate as a class representative.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Class Exists/Commonality/Predominance)**

The Complaint and the purported causes of action set forth therein do not state

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

facts sufficient to certify a class pursuant to California Code of Civil Procedure section 382. There are no common questions of fact and law, but to the extent there are, they do not predominate over the myriad of individual issues necessarily at issue based on the allegations and claims.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Class-Wide Injury)**

There has been no class-wide injury as alleged by the named Plaintiffs. The injuries for which recovery is sought by the named Plaintiffs on behalf of the alleged class cannot be recovered without proof by each alleged class member as to the specific facts underlying the violations alleged by each class member and the losses allegedly suffered as a direct and proximate result of each such alleged violation.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Predominance of Individualized Questions)**

Defendants allege that individualized questions of fact and law predominate over any purported common questions in this action. Therefore, Plaintiffs cannot meet the prerequisites to a class action.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Typicality)**

Plaintiffs and the putative class members do not have typical claims. Defendants maintain defenses that are unique to each or some of the proposed class and subclass members.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Class Action Not Practical)**

This case is not properly maintained as a class action because the prosecution of separate actions by individual members of the putative class would not create a risk of inconsistent or varying adjudications or adjudications that, as a practical matter, would be dispositive of the interests of other members not parties to the action.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

**(Class Not Manageable)**

This case is not properly maintained as a class action because of the difficulties likely to be encountered in the management of a class action

**FORTIETH AFFIRMATIVE DEFENSE**

**(Class Action – Violation of Due Process)**

Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

Defendants allege that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Plaintiffs)**

The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiffs and/or the purported class members or any person on whose behalf relief is sought.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

Defendants allege that this action may be barred and/or Defendants' liability may be limited by after-acquired evidence of Plaintiffs' and/or the purported class members' misconduct.

Gordon Rees Scully Mansukhani, LLP
633 W. Fifth Steet, Floor
Los Angeles, CA 90071

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Prejudgment Interest)**

Defendants allege that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages and/or penalties claimed are not sufficiently certain to allow an award of prejudgment interest.

**FOURTY-FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith / Subjective and Objective Reasonableness)**

Defendants acted in good faith and had reasonable grounds to believe that they were in compliance with the California Labor Code section 204, 210, 226 and any other applicable law. Any violations, if established, were not willful, knowing, or intentional, and therefore civil penalties are unwarranted or should be reduced.

**REQUEST PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray for judgement as follows:

1. For an order that Plaintiffs shall take nothing from their Complaint;
2. For dismissal of Plaintiffs' action without prejudice;
3. For costs of suit and attorneys' fees incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: September 29, 2025 GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Dina S. Glucksman*
Dina S. Glucksman
Alexander K. Spellman
Junha Baek
Attorneys for Defendants
WILSHIRE HM, LLC, SANTA MONICA PROPER JV, LLC, and PROPER HOSPITALITY, LLC.